IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ROYAL VANN,

    Plaintiff,

vs.

KROGER LIMITED PARTNERSHIP 1
and KROGER CO. (THE),

    Defendants.

CT-3155-22  Div. II

JURY DEMAND



FILED AUG 03 2022 CIRCUIT COURT CLERK

## COMPLAINT

TO THE HONORABLE JUDGES OF THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE:

COMES NOW your Plaintiff, Royal Vann, and sues the Defendants, Kroger Limited Partnership 1 and Kroger Co. (The), for her cause of action and would show to the Court as follows:

### JURISDICTION AND VENUE

1. This Complaint is for damages sustained by Plaintiff, Royal Vann, as the direct and proximate result of an injury occurring in Memphis, Shelby, Tennessee, on the 17th day of August 2021. Jurisdiction is conferred upon this Honorable Court by virtue of Tennessee Code Annotated §16-10-101. This Honorable Court is the proper forum with respect to venue as prescribed by

Tennessee Code Annotated §20-4-101, in so much as the cause of action arose in Shelby County, Tennessee, and in so much as the Defendants are based and doing business in Memphis, Tennessee.

## PARTIES

2. Royal Vann is a resident citizen of Memphis, Shelby, Tennessee, residing at 4955 Shifri Avenue #2, 38117.

3. Kroger Limited Partnership 1 and Kroger Co. (The) are active corporations, authorized to do and doing business in Memphis, Shelby County, Tennessee, whose principal offices are located at 1014 Vine St., Cincinnati, OH 45202, and whose registered agent for service is Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

## FACTS AND ACTS OF NEGLIGENCE

4. That on or about the 17th day of August 2021, Plaintiff Royal Vann was patronizing Defendant's store, Kroger, located at 4264 Summer Avenue, Memphis, Shelby County, Tennessee. Plaintiff was shopping near the checkout aisles and went to an upright refrigerated cooler to get a Coca-Cola to purchase. The cooler had been leaking from the bottom, unknow to Plaintiff. Plaintiff slipped and fell at the cooler, breaking her elbow, which required surgery. Defendant had unsuccessfully attempted to stop the leak by wrapping the cooler in some kind of material but it continued to leak. The "wet floor" sign was not visible to Plaintiff or others as it was hidden by a candy display. That said premises Plaintiff was patronizing were in a dangerous condition, and that said dangerous condition caused Plaintiff's serious injuries. That Defendants had actual or

constructive notice of this dangerous condition and had failed to do anything to correct said dangerous condition.

## FIRST CAUSE OF ACTION
## VIOLATION OF COMMON LAW NEGLIGENCE

5. That the actions of the Defendants were the proximate cause of this accident and that they were guilty of one or more of the following acts of common law negligence which were the proximate cause of the injuries to the Plaintiff:

    a) That the Defendants, by and through their agents, servants and/or employees failed to maintain the premises in a safe and prudent manner, whereby promoting a proper and safe place for the patrons lawfully upon the premises.

    b) That the Defendants, failed to exercise reasonable and ordinary care in the inspection and maintenance of said premises when they knew or should have known that same was in poor condition.

    c) That the Defendants were guilty of negligence in that they carelessly failed to exercise due care and caution required of a reasonable prudent businessperson under the same or similar circumstances.

    d) That the Defendants, were guilty of negligence in that they failed to inspect said premises after actual or constructive notice was given as to their dangerous state.

      e)      That the Defendants, were negligent in that their negligent conduct, by and through their agents, servants and/or employees resulted in the existence of a dangerous condition and an unreasonable risk of harm to the Plaintiff.

      f)      That the Defendants, by and through their agents, servants and/or employees, failed to take the affirmative duty to take reasonable steps to inspect the premises for the dangerous condition, and to keep the premises in a safe condition.

      g)      That the Defendants, by and through their agents, servants and/or employees, knew or should have known of the hazardous condition which is the subject of this lawsuit, and with this actual or constructive notice should have warned the Plaintiff of the hazardous and dangerous condition.

## SECOND CAUSE OF ACTION

6.      That the Defendants, engaged in the business of owning and operating the premises located at 4264 Summer Avenue, Memphis, Shelby County, Tennessee, are strictly liable for injuries resulting from the dangerous condition which existed on the premises and such was the direct and proximate cause of the injuries and the damages to the Plaintiff in the following particulars:

      a)      That the Defendants engaged as the owners and managers of the premises located at 4264 Summer Avenue, Memphis, Shelby County, Tennessee, are liable for injuries proximately caused by a defect in the premises and the injuries resulting from the use of the premises by the Plaintiff was reasonably foreseeable by the Defendants.

b)  That the Defendants knew the premises were unsafe and that they were not safe as an ordinary invitee would expect when used in an intended and reasonably foreseeable manner.

c)  That the defect is one that was hidden at the time or may not be understood or readily apparent to the ordinary prudent person.

d)  The Defendants have a duty to perform reasonable inspections to the premises and to inform the Plaintiff of the dangerous conditions.

e)  The Defendants have a duty to warn Plaintiff and others in her position of dangerous conditions and failed to do inform Plaintiff of the dangerous conditions.

## THIRD CAUSE OF ACTION

## RES IPSA LOQUITUR

7.  The Plaintiff does not propose to be bound by his specific allegations of negligence as set forth herein above, but rather in connection therewith and alternatively relies upon general allegations as to the cause of the injury upon the theory of Res Ipsa Loquitur. The premises located at 4264 Summer Avenue, Memphis, Shelby County, Tennessee, and its operation were under the management and control of the Defendants at the time of the injury. The injury was not one that in the ordinary course of events occurs, and if the Defendants, who had the management and control of said premises, had used the care required by law towards persons in the class of the Plaintiff, the injury, together with the resulting injuries and damages would not have occurred. The circumstances afford sufficient evidence in the absence of explanation that the injury arose from

-5-

want of ordinary care upon the part of the Defendants. Such negligence was the proximate cause of the injuries sustained by Plaintiff and the damages resulting.

## FOURTH CAUSE OF ACTION

## DAMAGES

8. The Plaintiff incorporates by reference, the allegations contained herein above as fully as though the same were set forth at length and in full verbatim and hereby states that as the proximate and direct result of the negligence and illegal acts of the Defendants, Kroger Limited Partnership 1 and Kroger Co. (The), Plaintiff has suffered the following damages:

    a) Numerous serious, painful, and permanent injuries.

    b) Necessary medical treatment promulgated by health care providers.

    c) The Plaintiff endured pain and suffering.

    d) The expenses of health care providers, certain pharmaceutical products and medicines prescribed by physicians, which were reasonable and necessary certain transportation expenses to and from certain health care providers, which were reasonable and necessary, and other certain out-of-pocket expenses, the nature and amount of yet to be determined.

    e) Surgery and permanent scarring.

## FIFTH CAUSE OF ACTION

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY REQUESTS:

9. Plaintiff, Royal Vann, demands judgment against the Defendants, Kroger Limited Partnership 1 and Kroger Co. (The), in the amount deemed fair by a jury, but not more than $500,000.00, consequential, incidental damages, but not limited to:

    a)    Medical expenses

    b)    Loss of earning capacity

    c)    Pain and suffering

    d)    Loss of enjoyment of life

    f)    Permanent injury and loss of use

    g)    Permanent scarring.

10. That Plaintiff, Royal Vann, demands judgment against the Defendants, Kroger Limited Partnership 1 and Kroger Co. (The), in the amount of $500,000.00, and respectfully requests a jury to try this cause.

11. That this Court award such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

_____
Ben L. Daniel, BPR No. 16049
Attorney for Plaintiff
145 Court Avenue #201
Memphis, Tennessee 38103
901-525-5555 (phone)
901-525-7642 (fax)
ben@daniellawfirm.com

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. 79-CT-3155-22

☉ Lawsuit
◯ Divorce

Ad Damnum $ _____

**ROYAL VANN**

FILED
OCT 13 2022
CIRCUIT COURT CLERK
BY _____ D.C.

vs.

**KROGER LIMITED PARTNERSHIP I**

and

**KROGER CO. (THE)**

Plaintiff(s)                                                                 Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

KROGER LIMITED PARTNERSHIP I
C/O Corporation Service Company, Agent for Service
2908 Poston Avenue
Nashville, TN 37203

Method of Service:
◯ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
⦿ Other TN County Sheriff ($)
◯ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Ben L. Daniel                    Plaintiff's attorney, whose address is 145 Court Avenue #201 Memphis, TN 38103

telephone 901-525-5555                    within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TESTED AND ISSUED  8/3/22

~~JIMMY MOORE,~~ Clerk / DONNA RUSSELL, Clerk and Master
Jamita Swearengen
By _____, D.C.

------

TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

Out Of County
c'd Date 10.4.22
BAB   D.S.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of __**OCT 0 4 2022**_____, 20___ at _____ M. a copy of the summons and a copy of the Complaint to the following Defendant __KROGER LIMITED PARTNERSHIP__

at _____**Served**_____
                      Corporation Service Company

**Served**
Corporation Service Company

By: _B. Blades_____

Signature of person accepting service              Sheriff or other authorized person to serve process

Barbara Blades
Davidson County Sheriff's Office
P.O. Box 196383 Nashville, TN. 37219-6383

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

62

## SUMMONS IN CIVIL ACTION

79-
Docket No. CT-3155-22

☉ Lawsuit
○ Divorce

Ad Damnum $ _____

| ROYAL VANN | VS | KROGER LIMITED PARTNERSHIP I |
| | | and |
| | | KROGER CO. (THE) |

FILED
OCT 13 2022
CIRCUIT COURT CLERK
BY _____ D.C.

Plaintiff(s)                                                    Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

KROGER CO. (THE)
C/O Corporation Service Company, Agent for Service
2908 Poston Avenue
Nashville, TN 37203

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
● Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Ben L. Daniel**                    Plaintiff's

attorney, whose address is **145 Court Avenue #201 Memphis, TN 38103**

telephone **901-525-5555**   within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TESTED AND ISSUED   8/3/22

~~JIMMY MOORE~~, Clerk / DONNA RUSSELL, Clerk and Master
Jamita Swearengen

By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master   By: _____, D.C.

Out Of County
Rec'd 10.4.22
BAB       D.S.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of __OCT 0 4 2022__ , 20__ at _____ M. a copy of the summons and a copy of the Complaint to the following Defendant __KROGER CO (THE)__

at __Served__
  __Corporation Service Company__

Served
Service Company

_____
Signature of person accepting service

By: __B Blades__
Sheriff or other authorized person to serve process

Barbara Blades
Davidson County Sheriff's Office
P.O. Box 196383 Nashville, TN. 37219-6383

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process